1

2   I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
    FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
3   ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
    RECORD IN THIS ACTION ON THIS DATE.
4   DATED: 8|27|12
    D. Vo
5   DEPUTY CLERK



6

7           UNITED STATES DISTRICT COURT

8          CENTRAL DISTRICT OF CALIFORNIA

9

10  KEVIN TYROME PERRY,          ) Case No. SACV 12-1312-RGK (RNB)
                                 )
11              Petitioner,      )
                                 ) ORDER SUMMARILY DISMISSING
12          vs.                  ) PETITION FOR WRIT OF HABEAS
                                 ) CORPUS FOR LACK OF SUBJECT
13  DOMINGO URIBE (Warden),      ) MATTER JURISDICTION
                                 )
14              Respondent.      )
    _____ )

15          Petitioner, a California state prisoner currently incarcerated at a prison facility

16  in Imperial, California, filed a Petition for Writ of Habeas Corpus pursuant to 28

17  U.S.C. § 2254 herein on August 14, 2012.

18          It appears from the face of the Petition that it is directed to the same residential

19  burglary conviction sustained by petitioner in Orange County Superior Court Case

20  No. 98WF2193 as the prior habeas petition constructively filed by petitioner in this

21  Court on March 26, 2011 in Case No. SACV 11-0692-RGK (RNB) [hereinafter the

22  "Prior Action"].  On December 15, 2011, Judgment was entered in the Prior Action

23  dismissing the petition with prejudice, based on the Magistrate Judge's finding and

24  conclusion that the petition was time barred.  Concurrently, this Court issued an order

25  denying a certificate of appealability.  Petitioner subsequently filed a Notice of

26  Appeal from that Judgment, and his request for a certificate of appealability remains

27  pending before the Ninth Circuit.

28  //

                                1

The instant Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> *(1)    A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.*

> *(2)    A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*

> > *(A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*

> > *(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*

> > *(ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.*

> *(3)    (A)    Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

The instant Petition constitutes a second and/or successive petition challenging the same judgment of conviction as the Prior Action, within the meaning of 28 U.S.C.

1    § 2244(b).  See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that

2    dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes

3    a disposition on the merits and renders a subsequent petition second or successive for

4    purposes of 28 U.S.C. § 2244(b)).  Thus, to the extent that petitioner is purporting to

5    raise claims that encompass the same ineffective assistance of counsel claim that he

6    previously raised in the Prior Action, § 2244(b)(1) compels dismissal of that

7    ineffective assistance of counsel claim.   To the extent that petitioner is now

8    purporting to raise a new claim of "Gideon error" that he contends occurred during

9    the guilt phase of his 2001 trial and again during the sentencing phase of that same

10   trial, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order from

11   the Ninth Circuit authorizing the district court to consider that claim, prior to his

12   filing of the instant Petition in the district court.  Such permission will be granted

13   only if "the application makes a prima facie showing that the application satisfies the

14   requirements of [Section 2244(b)]."  See id.  Only after the Circuit has made the

15   initial determination that the petitioner has made a prima facie showing under §

16   2244(b)(2) does the district court have any authority to consider whether the

17   petitioner has, in fact, met the statutory requirements of § 2244(b).  See 28 U.S.C. §

18   2244(b)(4).  Under § 2244(b)(4), the petitioner must make "more than another prima

19   facie showing" in the district court; the "district court must conduct a thorough

20   review of all allegations and evidence presented by the prisoner to determine whether

21   the [petition] meets the statutory requirements for the filing of a second or successive

22   petition."  See United States v. Villa-Gonzalez, 208 F.3d 1160, 1164-65 (9th Cir.

23   2000).

24          While it does not appear to the Court that petitioner can make the requisite

25   prima facie showing here with respect to his "Gideon error" claim, that is a

26   determination for the Ninth Circuit to make in the first instance.  Petitioner's failure

27   to secure an order from the Ninth Circuit authorizing the district court to consider any

28   new claim being alleged in the instant Petition, prior to his filing of the Petition in the

3

1 | district court, deprives the Court of subject matter jurisdiction. See Cooper, 274 F.3d
2 | at 1274.

3 |     IT THEREFORE IS ORDERED that this action be summarily dismissed
4 | pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States
5 | District Courts.

6 |     LET JUDGMENT BE ENTERED ACCORDINGLY.

8 | DATED:          AUG 2 3 2012

10 |
11 |                          R. GARY KLAUSNER
                         UNITED STATES DISTRICT JUDGE

12 | Presented by:

14 | Robert N. Block
     United States Magistrate Judge

4